# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5-14-CV-14

| | |
|---|---|
| MICHAEL LAWRENCE KLINGER, ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> ROBERT J. AHERN, JOE WHITTINGTON, ) <br> M. COFFEY, II, ) <br> ) <br> **Defendants.** ) <br> ) | **ORDER** |

**BEFORE THE COURT** is Defendant Mark Coffey's ("Coffey") Motion to Dismiss (Doc. 3) and Defendants Robert J. Ahern and Joe Whittington's ("DOR Defendants") Motion to Dismiss (Doc. 7). All Defendants have asked this Court to take judicial notice of certain government records. (Docs, 3, 8). Plaintiff has responded to both motions. (Docs. 9, 11). Defendant Coffey has replied. (Doc. 10). At the outset, the Court notes that Plaintiff Michael Lawrence Klinger is proceeding *pro se*.

## STATEMENT OF FACTS

Plaintiff has sued all Defendants in their individual and official capacities. (Compl., Doc. 1). Defendant Coffey is a Lenoir police officer. (*Id.* at ¶ 8). Defendants Ahern and Whittington work for the North Carolina Department of Revenue ("DOR"). (*Id.* at ¶¶ 6-7). Defendants Ahern and Whittington investigated Plaintiff for failure to file a return or pay taxes. Plaintiff was eventually arrested by Coffey. (*Id.* at ¶ 26). Plaintiff claims the arrest was made without probable cause, a warrant, and without his consent. (*Id.*). Plaintiff claims he has causes of actions against all Defendants for "causing damage without probable cause" in violation of the Fourth, Fifth, Ninth, and Fourteenth Amendments (*Id.* at ¶¶ 43, 45); against DOR Defendants for

1

"taking the private records of the Plaintiff without cause" and (*Id.* at ¶ 48); against Defendant Ahern for arresting Plaintiff "without exhausting any administrative remedy" (*Id.* at ¶ 52); and against Defendant Coffey for "arresting and seizing of the Plaintiff without cause, without warrant and without consent." (*Id.* at ¶ 52).

## **ANALYSIS**

I.  **LEGAL STANDARDS**

    A.  Treatment of Pro Se Litigant

"A document filed *pro se* is 'to be liberally construed' . . . [and] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, *Erickson* does not "undermine *Twombly*'s requirement that a pleading contain 'more than labels and conclusions.'" *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555)). Further, the liberal construction afforded to pro se litigants "does not require [district] courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). District judges are neither advocates for pro se litigants nor mind readers. *Id.*; *Weller v. Dep't of Soc. Svcs.*, 902 F.2d 387, 390-91 (4th Cir. 1990).

    B.  Rule 12(b)(6) Standard

A motion filed pursuant to 12(b)(6) of the Federal Rules of Civil Procedure challenges the legal sufficiency of a complaint. *Jordan v. Alternatives Res. Corp.*, 458 F.3d 332, 338 (4th Cir. 2006); *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). While a complaint need not contain detailed factual allegations, the courts require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (applying Rule 8).

Rule 12(b)(6) protects against meritless litigation by requiring sufficient factual allegations "to raise a right to relief above the speculative level" so as to "nudge[ ] the[ ] claims across the line from conceivable to plausible." *Twombly*, 500 U.S. at 555, 570; *see Iqbal*, 556 U.S. at 662. Under *Iqbal*, the court performs a two-step analysis. First, it separates factual allegations from allegations not entitled to the assumption of truth. Second, it determines whether the factual allegations, which are accepted as true, "plausibly suggest an entitlement to relief." 556 U.S. at 681.

Under a motion to dismiss under 12(b)(6), the court must accept as true all factual allegations in the pleading and all reasonable inferences must be drawn in the non-movants favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). This requirement applies only to facts, not legal conclusions, however. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Further, district courts do not have to blindly accept "allegations that contradict matters properly subject to judicial notice." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (under 12(b)(6), it is ordinary for a court to consider matters of which it may take judicial notice). This is seen as a narrow exception to Rule 12(d)'s requirement that matters considered outside of the pleadings will convert the motion to summary judgment. *Clatterbuck v. Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013).

      C.      Request for Judicial Notice

All Defendants have asked the Court to take judicial notice of five arrest warrants. DOR Defendants ask the Court take judicial notice of judgments issued by the Wake County General Court of Justice. The materials in question are docketed in the case of *State v. Klinger*, in the Wake County General Court of Justice, District Court Division.

A district court may take judicial notice of adjudicative facts on motion by a party or on its own. Fed. R. Evid. 201(a), (c). Only facts that are indisputable may be judicially noticed. *U.S. v. Zayyad*, 741 F.3d 452 (4th Cir. 2014) (quoting *Nolte v. Capital One Fin. Corp.*, 390 F.3d 311, 317 n. *) (4th Cir. 2004). Under Federal Rule of Evidence 201(b), facts are considered indisputable when they are "generally known within the trial court's territorial jurisdiction" or they "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned."

A court may consider "matters of which a court may take judicial notice" without converting a 12(b)(6) motion to a motion for summary judgment. *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir. 2011). Public records may be judicially noticed. *Cobin v. Hearst-Argyle Television, Inc.*, 561 F. Supp. 2d 546, 550-51 (D.S.C. 2008) (quoting *Secretary of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

Accordingly, the Court will take judicial notice of the five warrants and judgments issued by the Wake County Court because they are matters of public record.

II.     Motion to Dismiss by Defendant Coffey

Briefly, Plaintiff claims that Coffey arrested him without consent, probable cause, or a warrant. (Compl. at ¶ 26, 34).[1] Plaintiff also asserts that all of this was done in front of onlookers and that he was held for five hours before being required to post bond. (*Id.* at ¶ 30). Plaintiff claims he is entitled to relief under 42 U.S.C. § 1983.[2] Coffey claims that he is entitled to qualified immunity as a matter of law. (Doc. 3-1, at 1).

---

[1] Coffey's allegations, considering the arrest warrants, do not "shock[] the conscience" for purposes of substantive due process. *Temkin v. Frederick County Com'rs*, 945 F.2d 716, 723 (4th Cir. 1991).

[2] 42 U.S.C. § 1983 provides that
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the

"The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). Section 1983 is not a source of substantive rights but rather a method for vindicating rights conferred by the United States Constitution or provided by statute.

"Qualified immunity is 'an immunity from suit rather than a mere defense to liability.'" *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2019 (2014) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). "The purpose of qualified immunity is to 'remove most civil liability actions, except those where the official clearly broke the law, from the legal process well in advance of the submission of facts to a jury." *Corpening v. Leder*, 2006 WL 322606, No. 5:05-CV-24 at *4 (W.D.N.C. Feb. 9, 2006) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). Claims of qualified immunity involve a two-pronged inquiry where immunity will be granted unless (1) "a constitutional right would have been violated on the facts alleged" and (2) "the right at issue was clearly established at the relevant time." *Plumhoff*, 134 S. Ct. at 2020 (quoting *Saucier v. Katz*, 533 U.S. 194, 200 (2001)). The Supreme Court's decision in *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) gives a court the discretion to choose which prong to address first. *Id.*

In addition to the warrants, Coffey filed a Declaration. The Court disregards the affidavit for the purpose of this 12(b)(6) motion in order to not convert it into a motion for summary judgment. *See Wilson-Cook Medical, Inc. v. Wilson*, 942 F.2d 247, 252 (4th Cir. 1991).

The Court construes Plaintiff's allegations to be one for false arrest against Defendant Coffey. "[A] public official cannot be charged with false arrest when he arrests a defendant

---

jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998). "A claim for false arrest may be considered only when no arrest warrant has been obtained." *Id.*

The arrest warrants were electronically signed by Magistrate J.D. Saferight and identified Plaintiff. They were also issued before Plaintiff's date of arrest. Plaintiff does not dispute the fact that he was arrested pursuant to a warrant, but rather asserts that the electronic signature makes them defective. (Doc. 9, at ¶ 11).[3] The Court rejects Plaintiff's argument. Under N.C.G.S. § 15A-301.1(b) "[a]ny criminal process may be created, signed, and issued in electronic form . . . and retained in electronic form in the Electronic Repository." Here it is apparent that the warrant was electronically signed by Magistrate Safewright. Therefore, the Court declines to find the signature defective.

Plaintiff also argues that the alleged fact that Coffey stated he did not know why Plaintiff was being arrested justifies that this case proceed to summary judgment. However, the standard is whether he was arrested pursuant to a warrant, not whether Coffey knew the details or ultimate ramifications of the warrant. The Court has found no cases extending constitutional protection to such a situation.

If "there are no underlying constitutional violations by any individual, there can be no municipal liability." *Grayson v. Peed,* 195 F.3d 692, 697 (4th Cir.1999). Accordingly, this Court **DISMISSES** Plaintiff's cause of action against Defendant Coffey in his official and personal capacity.

III.     Motion to Dismiss by Defendants Ahern and Whittington

The DOR Defendants have moved to dismiss under Rules 12(b)(1), 12(b)(2), and 12(b)(6). (Doc. 7). Plaintiff alleges that his constitutional rights were violated by their

---

[3] Furthermore, "[w]hen a document is properly considered in the context of a motion to dismiss and it conflicts with the bare allegations of the complaint, the document prevails." *Tinsley v. OneWest Bank, FSB*, 4 F. Supp. 3d 805, 819 (S.D. W. Va. 2014).

investigative efforts, including obtaining records from businesses and banks. (Compl. at ¶ 13). Specifically, Plaintiff states that Ahern "flash[ed] his badge and identif[ied] himself as a special agent . . . sign[ed] his own summons and t[ook] Plaintiff's private records without cause, without a warrant and without Plaintiff's consent." (*Id.*).

    A.    Subject Matter Jurisdiction

        1.  Sovereign Immunity

The DOR Defendants claim that insofar as they are being sued in their official capacity, such suit is barred under the Eleventh Amendment. (Doc. 7, at ¶¶ 5-7). The Court agrees.

The Eleventh Amendment states that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign States." U.S. Const. amend. XI. The Amendment has been interpreted to make "an unconsenting State . . . immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 615, 662-63 (1974).

"The Eleventh Amendment bars a private individual from suing a state in federal court." *Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). Further, it applies "not only [when] a State is actually named as the defendant, but also [when] state agents of state instrumentalities [are the defendants]." *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997).

The Fourth Circuit has articulated four non-exclusive factors to consider when determining whether if a State-created entity is functioning as an arm or alter ego of the State:

> (1) whether any judgment against the entity as defendant will be paid by the State or whether any recovery by the entity as plaintiff will inure to the benefit of the State; (2) the degree of autonomy exercised by the entity, including such circumstances as who

7

> appoints the entity's directors or officers, who funds the entity, and whether the State retains a veto over the entity's actions; (3) whether the entity is involved with state concerns as distinct from non-state concerns, including local concerns; and (4) how the entity is treated under state law, such as whether the entity's relationship with the State is sufficiently close to make the entity an arm of the State.

*S.C. Dep't of Disabilities and Special Needs v. Hoover Universal, Inc.* 535 F.3d 300, 303 (4th Cir. 2008). Plaintiff has provided no legitimate basis for concluding that the North Carolina Department of Revenue is not an alter ego of the State and this district has already found it to be so. *Latu v. N. Carolina Medicaid/DMA*, 3:11-CV-427, 2012 WL 707023 at *2 (W.D.N.C. Mar. 5, 2012). Accordingly, this Court agrees with the common sense notion that the North Carolina Department of Revenue is an alter ego of North Carolina.

Plaintiff is not suing the Department of Revenue directly but has named the DOR Defendants in their official capacities. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted). "It is well settled that the Eleventh Amendment bars a suit by private parties to recover money damages from the state or its alter egos acting in their official capacities." *Huang v. Board of Governors of Univ. of North Carolina*, 902 F.2d 1134, 1138 (4th Cir. 1990). Further, "the Eleventh Amendment bars the pendent state monetary damages claims as well § 1981 and § 1983 damage claims." *Id.*; *see also Will*, 491 U.S. at 71 (Section 1983 only waives 11th Amendment immunity when seeking injunctive relief not money damages). Plaintiff only seeks monetary damages from the DOR Defendants. *See* (Compl. at

11-13, Counts I – III). Accordingly, this Court dismisses the action against DOR Defendants in their official capacities.[4]

2. Tax Injunction Act

DOR Defendants argue that Plaintiff's claims should be dismissed pursuant to the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341[5], which prohibits federal courts from enjoining the assessment and collection of state taxes. "To determine whether this litigation falls within the TIA's prohibition, it is appropriate, first, to identify the relief sought." *Hibbs v. Winn*, 542 U.S. 88, 101 (2004). There will be no jurisdiction over this action if: "(1) the action is to 'enjoin, suspend or restrain the assessment, levy or collection' of a state tax, (2) the tax is a 'tax under State law,' and (3) the state provides a 'plain, speedy and efficient remedy' in its own courts." *Lynn v. West*, 134 F.3d 582, 594 (4th Cir. 1998) (quoting 28 U.S.C. § 1341).

Plaintiff's claims are brought against the DOR Defendants in their individual capacities and do not seek injunctive relief, a refund of the tax collected, or to interfere with the collection of a tax. Therefore, Court finds that the relief sought does not implicate the TIA and dismissal would not be appropriate on that ground.

B. Claims Against DOR Defendants in their Individual Capacity Survive 12(b)(6)

---

[4] The Court recognizes that there may be a dispute as to whether 12(b)(1) or (6) applies. *See Brown v. Lt. Governor's Office on Aging*, 697 F. Supp. 2d 632, 635 (D.S.C. 2010). However, the result would be the same so an extensive discussion is not necessary.

[5] "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341.

The DOR Defendants claim that "[t]he factual allegations of Plaintiff's Complaint fail to assert actions by the DOR Defendants that exceed their statutory authority to conduct investigations." (Doc. 7, at 6). This argument implicates the first prong of the qualified immunity analysis.

The DOR Defendants submitted the affidavit of Joe Whittington as part of their motion. The majority of it details how the DOR Defendants conducted the investigation and how it was all in accordance with the Department of Revenue's procedures. (Doc. 7-1). However, the Court is not analyzing affidavits at this point in the proceedings. While North Carolina statutes give revenue officers the right to perform investigations, N.C. Gen. Stat. §§ 105-258(a)(2)b; 105-236.1, Plaintiff has alleged that the investigations performed were done in an unlawful manner that violate his constitutional rights. Therefore, the Court will not grant the DOR Defendants' motion to dismiss on that ground.

The DOR Defendants also claim that collateral estoppel from the convictions bars Plaintiff's cause of action. "[U]nder appropriate circumstances collateral estoppel might . . . apply to defeat § 1983 constitutional claims because the dispositive issues had earlier been decided adversely to the federal plaintiffs." *Prosise v. Haring*, 667 F.2d 1133, 1137 (4th Cir. 1981). "Collateral estoppel precludes relitigation of an identical issue actually litigated and necessary to the outcome in a prior action that resulted in a final judgment on the merits." *Burton v. Durham*, 457 S.E.2d 329, 332 (N.C. Ct. App. 1995). Plaintiff was convicted of multiple counts of failure to file and pay taxes under N.C.G.S. § 105-236. There is not a requirement for the government to prove the legality of any arrest or investigation in the statute. Nor is there any record in the convictions stating that the legality of the investigations were actually litigated. *Frazier v. Baxter*, 5:13-CV-00138-BR, 2014 WL 4612755 at *4 (E.D.N.C.

Sept. 15, 2014) (utilizing federal collateral estoppel rules); *Ervin v. Hammond*, 3:05-CV-059, 2008 WL 901185 at *9 (W.D.N.C. Mar. 31, 2008). Therefore, the Court declines to grant the motion to dismiss on collateral estoppel at this stage.

**IT IS ORDERED, THEREFORE, THAT**

(1) Defendant Coffey's Motion to Dismiss be **GRANTED**;

(2) Defendants Whittington and Ahern's Motion to Dismiss be **GRANTED IN PART** to dismiss all claims against them in their official capacity; and **DENIED** where it seeks dismissal of the claims against them in their individual capacity.

Signed: November 21, 2014

Richard L. Voorhees
United States District Judge